COMMONWEALTH of Pennsylvania,
Appellee,

v.

Keyon BOYD, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 18, 2000.
Filed Nov. 22, 2000.

able to appellee when received. Thus, it qualifies, plain and simply, as monthly income.

Robert P. Kline, Carlisle, for appellant.

Merle L. Ebert, Assistant District Attorney, Carlisle, for Com., appellee.

Before CAVANAUGH, STEVENS, and BROSKY, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the Court of Common Pleas of Cumberland County following Appellant's conviction on the charge of aggravated harassment by a prisoner, 18 Pa.C.S.A. § 2703.1. Additionally, Appellant's counsel has filed a request to withdraw as counsel. After a review of both the certified record and the briefs of the parties, we grant counsel's request to withdraw and affirm the decision of the trial court.

¶ 2 The relevant facts and procedural history are as follows: On February 27, 1999, Appellant was an inmate at the Restricted Housing Unit of the State Correctional Institution at Camp Hill, and, at approximately 10:20 p.m., he began yelling while he was in his cell. Corrections Officers Kenneth C. Klaus and William Novak testified that they heard Appellant yelling and told him to be quiet. Appellant responded by saying, "I got a hot cup full of piss for you on your next rounds." N.T. 10/26/99 at 31. Appellant also indicated that he had an uncle who worked for the prison and that he was going to have the corrections officers beaten. N.T. 10/26/99 at 13.

¶ 3 In response, Officer Novak completed a misconduct report, and Officer Klaus returned to Appellant's cell at 11:10 p.m. to serve the report on Appellant. While sliding the report under Appellant's cell door, Officer Klaus felt a warm liquid strike his leg, which smelled like urine. Appellant then stated, "The next time you come by, I have a cup of shit for you." N.T. 10/26/99 at 33.

¶ 4 Officer Klaus returned to the guardhouse and wiped his trousers with a white paper towel. The paper towel turned yellow and smelled like urine. N.T. 10/26/99 at 33. Klaus went to the medical unit to be examined and then prepared a misconduct report regarding the incident. N.T. 10/26/99 at 33–34.

¶ 5 Appellant was later charged with aggravated harassment by a prisoner, proceeded to a jury trial, and was convicted. Appellant was sentenced, and this timely appeal followed. The trial court ordered Appellant to file a Pa.R.A.P.1925(b) statement, Appellant so complied, and the trial court filed an opinion.

¶ 6 On appeal, Appellant's counsel has filed an *Anders* brief and petition pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981), seeking to withdraw as counsel. Appellant neither filed a *pro se* brief nor retained alternate counsel for this appeal.

¶ 7 "When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Smith,* 700 A.2d 1301, 1303 (Pa.Super.1997) (citation omitted). To be permitted to withdraw pursuant to *Anders,* counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. *Smith, supra.* "After establishing the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Townsend,* 693 A.2d 980, 982 (Pa.Super.1997).

¶ 8 We conclude that counsel has complied with all of the antecedent requirements of *Anders.* In his petition and brief, counsel indicated that he made a conscientious examination of the record, determined that the appeal was frivolous, indicated that he furnished Appellant a copy of the brief, and stated that he advised Appellant of Appellant's rights in lieu of representation. Moreover, counsel has provided this Court with a proper *Anders* brief discussing the issues. Therefore, we will proceed to an independent evaluation of the record in order to determine the accuracy of counsel's averment that this appeal is wholly frivolous. *Townsend, supra.*

¶ 9 The sole issue raised by counsel is whether the evidence was sufficient to convict Appellant of aggravated harassment by a prisoner. Specifically, counsel raises the issue of whether the Commonwealth adequately demonstrated that the liquid thrown on Corrections Officer Klaus' pants was urine since no chemical analysis of the liquid was performed. In this issue of first impression, we conclude that the evidence was sufficient, and, therefore, Appellant's claim does not have arguable merit.

¶ 10 "The law is settled in this Commonwealth that in reviewing the sufficiency of the evidence, the appellate court is required to review all the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth,...[as verdict winner.]" *Commonwealth v. Earnest,* 386 Pa.Super. 461, 563 A.2d 158, 159 (1989) (citation omitted). "The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt." *Commonwealth v. Taylor,* 324 Pa.Super. 420, 471 A.2d 1228, 1229 (1984) (citation omitted). Moreover, "it is clear that a jury may believe all or only a part of a witness's testimony, and so long as the verdict is supported by the evidence there is no basis for interference with the fact-finding function of the jury." *Commonwealth v. Simpson,* 316 Pa.Super. 115, 462 A.2d 821, 824 (1983) (citation omitted).

¶ 11 18 Pa.C.S.A. § 2703.1 provides the following:

A person who is confined in or committed to any local or county detention facility, jail or prison, or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth commits a felony of the third degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed, intentionally or knowingly causes or attempts to cause another to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting or expelling such fluid or material.

¶ 12 While there is no case law directly on point interpreting this statute, we conclude that it is unnecessary for the Commonwealth to conduct a chemical analysis of the fluid or material to determine whether it is one of the fluids/materials listed in Section 2703.1. Rather, the Commonwealth may rely on circumstantial evidence to prove the identity of the fluid or material. Such an approach · has been adopted by the appellate courts of this jurisdiction in proving the identity of substances with regard to other crimes. *See Commonwealth v. Stasiak*, 305 Pa.Super. 257, 451 A.2d 520 (1982) (holding that a chemical analysis of narcotics is not needed to prove that the substance was, in fact, illegal narcotics); *Commonwealth v. Williams*, 285 Pa.Super. 515, 428 A.2d 165 (1981) (holding that circumstantial evidence may used to prove that the substance possessed by the appellant was a controlled substance); *Commonwealth v. Shoff*, 273 Pa.Super. 377, 417 A.2d 698 (1980) (holding that witness was permitted to testify in an arson case that the substance she smelled was gasoline); *Commonwealth v. Williams*, 270 Pa.Super. 27, 410 A.2d 880 (1980) (holding that, in a murder case, a lay witness is competent to testify that a stain is blood).

¶ 13 We note that, in many cases, it may be impossible for the fluid or material to be preserved so that it can be analyzed. As such, we conclude that it would be unreasonable to conclude that Section 2703.1 requires a chemical analysis of the fluid or material in question.[1]

¶ 14 For all of the foregoing reasons, we grant appellate counsel's petition to withdraw, and, based upon our independent review of the matter, we conclude that the appeal is wholly frivolous.

¶ 15 The Petition To Withdraw As Counsel is hereby GRANTED. The Judgment of Sentence is AFFIRMED.

---

1. We note that the circumstantial evidence established that the liquid in this case was urine. For instance, Corrections Officers Novak and Klaus testified that, just prior to the incident, Appellant threatened to throw urine on them the next time they passed by Appellant's cell. The next time Klaus passed by the cell, when he delivered the misconduct report, Appellant threw a substance on him which felt warm. When Officer Klaus returned to the guardhouse, he wiped the fluid with a white paper towel, and the paper towel turned yellow and smelled like urine. Officer Novak confirmed this testimony. Both officers testified that they were familiar with the odor of urine from incidents in the past when inmates had thrown it at them. Moreover, both officers had changed babies' diapers in the past, and, thus, were familiar with the odor of urine. The trier of fact had the opportunity to view the witnesses and, therefore, could pass on the credibility of each witness.