J-S62033-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY TAYLOR, | : | |
| | : | |
| Appellant | : | No. 519 MDA 2017 |

Appeal from the Judgment of Sentence December 30, 2014
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002712-2013

BEFORE:    STABILE, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 16, 2018**

Jeffrey Taylor (Appellant) appeals *nunc pro tunc* from the December 30, 2014 judgment of sentence of three to six years of incarceration after a jury found him guilty of one count each of burglary and theft by unlawful taking. Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The testimony at trial established the following. On July 27, 2013, at approximately 4:40 a.m., Jessica Mbaye heard glass smashing and looked out her window. She saw a person wearing pants and a hoodie carrying a large television box crossing the street. She called 911. Officers Timothy Minnick and Daniel Lewis responded to the report. When Officer Minnick reached the

_____

*Retired Senior Judge assigned to the Superior Court.

area, he saw a male wearing a gray hoodie, dark pants, and a dark hat crossing the street. That individual was later identified as Appellant. Officer Minnick approached Appellant and noticed he was "disheveled, sweating, [had] glossy bloodshot eyes, [and] slurred speech." N.T., 11/3/2014, at 58. He also had "an odor of alcohol emitting from his breath and person." *Id*. at 59. Officer Minnick believed Appellant was intoxicated. Appellant told Officer Minnick he was walking to his mother's house, which is located a few miles away. Officer Minnick then called Officer Lewis for backup. When Officer Lewis arrived, he recognized Appellant from having seen him about 25 minutes earlier near Nardy's TV & Appliance Store. Officer Minnick transported Appellant to the police station. At the station, Appellant was asked to remove his hoodie.

Officer Lewis went to Nardy's and observed damage to a window. He called for additional help in securing the scene. Officer Lewis then met up with Officer Minnick to retrieve an item of Appellant's clothing, specifically his hoodie. Officer Lewis contacted K-9 Officer Edward Sulima to bring his dog, Athena, to Nardy's. Athena sniffed the hoodie then found the TV near a set of dumpsters behind some bushes. Athena also detected the scent near Nardy's.

Alfred Oeller, owner of Nardy's, received a call from police telling him that someone had broken into his store by throwing a brick through a window. Oeller went to Nardy's where he found that a box containing a Magnavox

Phillips 50-inch flat screen TV was missing. When he had left the evening before, that box had been placed by the front door for delivery to a customer. Police eventually returned the TV to Oeller with significant damage.

Appellant was charged with several crimes as a result of this incident. He was arrested and released on bail. A jury trial was held, and on November 4, 2014,[1] Appellant was found guilty of burglary and theft by unlawful taking.[2] On December 30, 2014, Appellant was sentenced to three to six years of incarceration. Appellant did not file a direct appeal.

On January 13, 2016, Appellant *pro se* timely filed timely a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Attorney Jeffrey Yelen was appointed, and he filed a supplemental petition requesting the reinstatement of Appellant's right to a direct appeal *nunc pro tunc*. The petition was granted, and Appellant timely filed a notice of appeal to this Court. Attorney Yelen then requested to withdraw as counsel, and the

---

[1] The delay between the filing of charges and the jury trial was due to the fact that Appellant absconded while on bail on at least one occasion.

[2] The subsection of the burglary statute for which Appellant was convicted is codified as follows: "A person commits the offense of burglary if, with the intent to commit a crime therein, the person … enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present." 18 Pa.C.S. § 3502(a)(4). Theft by unlawful taking is defined as follows: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a).

trial court permitted counsel to withdraw and appointed Attorney Matthew Kelly to represent Appellant on his direct appeal.

The trial court ordered that Appellant file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant filed a concise statement raising two issues concerning the ineffective assistance of trial counsel. The trial court filed an opinion holding that issues with respect to the ineffective assistance of counsel are not available for review on direct appeal and therefore Appellant's judgment of sentence should be affirmed. Trial Court Opinion, 5/8/2017, at 1.

In this Court, counsel for Appellant filed both an **Anders** brief and a petition to withdraw as counsel.[3] Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

---

[3] On October 11, 2017, this Court filed a memorandum denying Appellant's petition to withdraw. Specifically, we concluded that counsel could not have fulfilled his responsibilities because he failed to request and provide the jury trial transcript in the certified record. Appellant's counsel has now provided the transcript, as well as a new **Anders** brief and petition to withdraw. Accordingly, this case is ready for disposition.

If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

Our Supreme Court has clarified portions of the ***Anders*** procedure:

[I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's newly-filed petition to withdraw and ***Anders*** brief, we conclude that counsel has complied substantially with the above requirements.[4] Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to

_____

[4] Appellant has not responded to counsel's petition to withdraw.

decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n. 5).

According to counsel, the only issue of arguable merit is "[w]hether the evidence was sufficient to establish that Appellant was guilty of burglary and theft by unlawful taking."[5] ***Anders*** Brief at 1 (unnecessary capitalization omitted).

We have expressed the following regarding a challenge to the sufficiency of the evidence produced at trial.

> [O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the

---

[5] We recognize that this issue was not identified in Appellant's concise statement. However, "[i]n a criminal case, counsel may file of record and serve on the judge a statement of intent to file an ***Anders*** [] brief in lieu of filing a Statement." Pa.R.A.P. 1925(c)(4). Accordingly, we conclude that counsel's failure to file a new concise statement under these circumstances does not require us to find this issue waived.

presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Hecker*, 153 A.3d 1005, 1008 (Pa. Super. 2016) (citation omitted).

Here, Appellant's counsel challenges the use of the hoodie as a means to identify Appellant. *Anders* Brief at 6. In determining whether a particular identification was reliable, the court

should consider the opportunity of the witness to view the criminal at the time of the crime, the witness'[s] degree of attention, the accuracy of his or her prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. The opportunity of the witness to view the actor at the time of the crime is the key factor in the totality of the circumstances analysis.

[E]vidence of identification need not be positive and certain to sustain a conviction. Although common items of clothing and general physical characteristics are usually insufficient to support a conviction, such evidence can be used as other circumstances to establish the identity of a perpetrator. Out-of-court identifications are relevant to our review of sufficiency of the evidence claims, particularly when they are given without hesitation shortly after the crime while memories were fresh. Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight.

*Commonwealth v. Valentine*, 101 A.3d 801, 806 (Pa. Super. 2014) (citations omitted).

In other words, the use of the hoodie was but one factor to consider with respect to Appellant's identification. Instantly, Mbaye testified that

- 7 -

shortly after she heard glass smashing, she saw a person wearing a hoodie carrying a large TV box. *See* N.T., 11/3/2014, at 33. Police quickly responded to the scene, and encountered a person wearing a hoodie. *Id*. at 58. Mbaye identified Appellant as the person she saw. *Id*. at 36. Moreover, Officer Lewis testified that he saw Appellant near Nardy's just 25 minutes prior. *Id*. at 110. With respect to the hoodie, it was the scent from that particular hoodie that led to both Nardy's and the TV itself. *Id*. at 90-92. This testimony, when taken together and believed by a jury, is sufficient to sustain Appellant's conviction.

Based on the foregoing, we agree with counsel that a challenge to the sufficiency of the evidence based upon Appellant's identification and the use of the hoodie is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous."[6] *Flowers*, 113 A.3d at 1248. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judge Stabile joins.

---

[6] In his prior brief, Appellant's counsel raised two issues concerning the ineffective assistance of counsel. Absent circumstances not present here, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). Accordingly, we agree with counsel that those issues are frivolous.

Judge Moulton did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2018