J-S34012-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
LATEEF BROWN :
:
Appellant : No. 1400 WDA 2017

Appeal from the Judgment of Sentence September 13, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002128-2016

BEFORE: BOWES, J., STABILE, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.: FILED JULY 25, 2018

Lateef Brown appeals from the judgment of sentence of two to four

years imprisonment imposed after a jury convicted him of delivery of a

controlled substance, possession with intent to deliver a controlled substance

("PWID"), and possession of a controlled substance. We affirm.

Appellant's convictions stem from a "controlled narcotics transaction"

during which a confidential informant ("CI") purchased heroin from Appellant

while undercover officers Brian Kendi and Brian Connor of the Fayette County

Drug Task Force observed. Specifically, the CI, whom Officer Kendi had

utilized reliably in the past, indicated that he could purchase illicit narcotics

from Appellant. The CI made contact with Appellant and they arranged to

meet at 1:30 p.m. on October 23, 2015, at the Dairy Queen on Connellsville

Street in Uniontown in Fayette County. In preparation, the officers reviewed

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant's most recent driver's license photo so they would "be able to positively identify the target once [they] were on location." N.T. Trial, 8/8/17, at 19.

On the scheduled date, Officers Kendi and Connor, in plain clothes and driving an unmarked car, met the CI at an undisclosed public location prior to the meeting with Appellant. Officer Kendi thoroughly searched the CI to ensure that he had no contraband or currency on his person. Officer Kendi then gave the CI $100 of official task force funds with which to purchase narcotics from Appellant. The three proceeded towards the Dairy Queen, with the officers dropping off the CI a block away to allow him to arrive on foot alone. The officers parked across the street from the Dairy Queen so that they would have an unobstructed view of the controlled buy.

Soon thereafter, Appellant arrived alone in a white sedan and parked approximately thirty feet away from the officers. Appellant exited his vehicle, walked to the rear of the vehicle, and opened the trunk. The CI approached Appellant, Appellant reached into the trunk of his vehicle, and the two conducted a hand-to-hand exchange. Immediately thereafter, Appellant closed the trunk, entered the vehicle, and drove away, giving the officers a clear view of Appellant's face. The officers retrieved the CI, took possession of the ten bags of suspected narcotics that the CI had obtained from Appellant, and again searched the CI to confirm that the CI was free of all contraband and cash.

Appellant was subsequently arrested and charged as indicated above. At a jury trial, the Commonwealth presented the testimony of, inter alia, Officers Kendi and Connor, both of whom positively identified Appellant as the individual who sold controlled substances to the CI on the day in question. In addition, the Commonwealth offered the testimony of a forensic scientist from the Pennsylvania State Police Greensburg Regional Laboratory who confirmed that the ten bags did, in fact, contain heroin and fentanyl.

Appellant was convicted of all charges. On September 13, 2017, Appellant was sentenced to two to four years on the delivery conviction, with no additional penalties for the PWID and possession convictions. Appellant did not file a post-sentence motion, but did file a timely notice of appeal.[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our consideration.

1. Whether the evidence was legally and factually sufficient to prove that [Appellant] committed the crimes of manufacture, delivery, or possession with intent to deliver heroin and fentanyl . . . and possession of a controlled substance?

2. Whether the court erred in denying [Appellant's] request for a missing witness jury instruction when the Commonwealth failed to disclose the identity of its confidential informant?

_____

[1] Two notices of appeal were actually filed, one by Appellant pro se and one by his counsel. This Court dismissed the former (No. 1286 WDA 2017), and counsel is representing Appellant on the latter upon the trial court's finding, after conducting a hearing pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998), that Appellant did not wish to proceed pro se. See Order, 10/17/17.

Appellant's brief at 4.

Appellant first challenges the sufficiency of the evidence. Our standard of review applicable to sufficiency claims is as follows.

> [W]e evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

Commonwealth v. Hecker, 153 A.3d 1005, 1008 (Pa.Super. 2016) (internal quotation marks and citations omitted).

Appellant first asserts that the evidence was insufficient to establish, beyond a reasonable doubt, that he was the individual who sold the drugs to the CI on the day in question. In so arguing, Appellant emphasizes that:

> The alleged transaction was viewed from a distance of twenty[-] six to thirty feet away in a Dairy Queen parking lot, from across a roadway. Having never heard of or seen the Appellant before, the Officers utilized a Pennsylvania driver's license photo to make

their identification; Officer Kendi admitted that this photo could have been up to four years old at the time of the identification. With no video or photographic evidence to refer to, the Appellant was charged with these offenses nearly ten months after they had occurred.

Appellant's brief at 9-10 (citations and repetition of numbers omitted).

Appellant's claim is meritless. Officer Kendi testified that he was able to clearly see and identify Appellant on the day in question: (1) when Appellant pulled into the parking lot, (2) during the exchange with the CI, and (3) when Appellant was driving away from the scene. N.T. Trial, 8/8/17, at 22, 25. Officer Kendi had no question in his mind whatsoever that Appellant was the person he observed sell the drugs to the CI. Id. at 51, 55. Additionally, Officer Connor testified at trial and identified Appellant as the man who sold the drugs to the CI. Id. at 80.

The testimony of either officer, considered alone, was sufficient to support the jury's conclusion that Appellant was, in fact, the individual who possessed and delivered the heroin and fentanyl to the CI on the day in question. See, e.g., Commonwealth v. Johnson, 180 A.3d 474, 478 (Pa.Super. 2018) ("A [witness's] in-court testimony, identifying the defendant as the perpetrator of a crime, is by itself sufficient to establish the identity element of that crime"); Commonwealth v. Wilder, 393 A.2d 927, 928 (Pa.Super. 1978) ("[I]t is settled that a positive identification by one witness is sufficient for conviction.").

Appellant next contends that the evidence was insufficient to establish that the narcotics recovered from the CI were, at any time, actually in

Appellant's possession. Rather, Appellant suggests the CI could have hidden the contraband on his person prior to meeting the officers, and claims that the search of the informant performed prior to the transaction was "cursory," and any drugs hidden in the CI's "genital area" would not have been discovered. Appellant's brief at 6, 9.

Officer Kendi testified at trial that he searched the CI before the transaction, checking his socks, shoes, clothing, pockets, and underwear, and that he found no contraband or cash on the CI. N.T. Trial, 8/8/17, at 19-20, 44. Officer Kendi further stated that he was satisfied that the search was sufficiently thorough. Id. at 20. Officer Connor likewise testified that the search was "very thorough," and confirmed that when Officer Kendi searched the CI, he checked "his underwear area" and did a "typical waistband shake" to check his genital area. Id. at 81-82. Officer Kendi testified that he observed Appellant reach into the trunk of his car and pass something to the CI in a hand-to-hand transaction. Id. at 24. Finally, Officers Kendi and Connor each testified that they kept the CI in sight at all times, and Officer Connor stated that he did not see the informant reach into his genital area at any time during the operation. Id. at 52-53, 79, 85.

"It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence." Commonwealth v. Williams, 176 A.3d 298, 306 (Pa.Super. 2017). Viewing this evidence in the light most favorable to the Commonwealth, the jury was able conclude beyond a reasonable doubt that

the drugs recovered by officers from the CI had not been hidden on the CI the whole time, but rather purchased from Appellant during the controlled buy.

Appellant's remaining issue concerns the trial court's denial of his request for a missing witness jury instruction. Appellant contends that the trial court erred in refusing to charge the jury that it could draw an inference, based on the failure of the Commonwealth to call the CI to testify at trial, that the CI's testimony would have been adverse to the Commonwealth. Appellant's brief at 11-13. We do not reach the merits of this claim, however, as the issue has not been properly preserved for appeal.

The record reflects that Appellant requested that the trial court give a missing witness jury instruction at trial. N.T. Trial, 8/8/17, at 57-58. The trial court rejected that request, finding that the Commonwealth had provided a satisfactory explanation, namely a genuine concern for the personal safety of the CI, for its failure to call the CI to testify at trial. Accordingly, the trial court concluded that Appellant was not entitled to a missing witness jury instruction, and refused to provide the requested charge. See id. at 91-92 (citing Commonwealth v. Jones, 637 A.2d 1001, 1005 (Pa.Super. 1994) (holding trial court did not err in failing to give missing witness instruction because concern for the safety of the CI provided a satisfactory explanation for the witness's absence)).

Pa.R.Crim.P. 647 provides, in relevant part, that "[n]o portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."

- 7 -

Pa.R.Crim.P. 647(C). "[T]he mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points." Commonwealth v. Pressley, 887 A.2d 220, 225 (Pa. 2005).

The record reveals that Appellant failed to advance a specific objection to the trial court's refusal to provide a missing witness jury instruction either when the trial court stated its ruling or after the trial court charged the jury. Quite the contrary, after charging the jury, the trial court asked, "Do counsel have any additions or corrections to the Court's instructions?" N.T. Trial, 8/8/17, at 114. Defense counsel responded, "Nothing comes to mind, your honor." Id. Consequently, Appellant did not preserve a challenge to the trial court's denial of his request for a missing witness instruction. See Commonwealth v. Parker, 104 A.3d 17, 27-28 (Pa.Super. 2014) (finding claim of error regarding jury charge waived where the appellant "responded in the negative when asked if any additions or corrections to the jury charge needed to be made").

Having concluded that Appellant is not entitled to relief, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2018