J-S59033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                   :   PENNSYLVANIA
                                                   :

                      v.   :

JASON CISNE   :

                      Appellant   :   No. 1179 EDA 2017

Appeal from the Judgment of Sentence March 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006829-2008

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                   **FILED JANUARY 07, 2019**

       Jason Cisne appeals from the judgment of sentence imposed on March 10, 2017, in the Court of Common Pleas of Philadelphia County, following the entry of a negotiated guilty plea of 25 to 50 years' incarceration on the charges of third degree murder, possession of a firearm prohibited and possession of an instrument of crime.[1]  Cisne pled guilty on March 1, 2010.  However, defense counsel failed to file a direct appeal, as requested.  Pursuant to a Post Conviction Relief Act petition, Cisne was granted *nunc pro tunc* relief and was allowed to file a direct appeal.  Cisne has done so.  The appeal is now before us and appointed counsel has filed an ***Anders*** brief along with a motion to withdraw as counsel.  After a thorough review of the submissions by the

---

[1] 18 Pa.C.S. §§ 2502(c), 6105(a)(1) and 907(a), respectively.

parties, relevant law, and the certified record, we affirm and grant counsel's petition to withdraw.

Because this matter has been a procedural nightmare, a recital of the factual and procedural history is in order to provide the necessary context of our review.

On March 1, 2010, Cisne entered into a negotiated guilty plea to third degree murder, a violation of the Uniform Firearms Act, and possession of an instrument of crime. The notes of testimony of the guilty plea reveal that Cisne stood over the victim, Phillip Underwood, and while Underwood was, "laying on the sidewalk face-up...Cisne pulled a gun and shot him in the left shoulder, two times in the chest, the abdomen and the left thigh." N.T. Guilty Plea, 3/1/2010, at 9. No direct appeal was filed.

Cisne filed a timely petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.* Appointed counsel filed a ***Turner/Finley***[2] no merit letter accompanied by a motion to withdraw as counsel. Pursuant to Pa.R.Crim.P. 907, the PCRA court sent Cisne notice of its intent to dismiss the matter without a hearing. Cisne responded to the Rule 907 notice by claiming PCRA counsel had failed to raise the claim that trial counsel was ineffective for failing to file a requested direct appeal. Cisne attached a copy of a letter he had purportedly sent to trial counsel asking a direct appeal be filed. Without ruling on PCRA counsel's motion to withdraw, the PCRA court denied Cisne's

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (PA. Super. 2008) (*en banc*).

PCRA petition. On appeal, a panel of our Court agreed that the issues raised were without merit, but recognized that Cisne's claim that trial counsel failed to file a direct appeal as requested was arguably meritorious. *See Commonwealth v. Cisne*, 2014 WL 10979661 (Pa. Super. 2014) (unpublished memorandum). The matter was then remanded for an evidentiary hearing to determine the status of Cisne's direct appeal rights.

Upon remand, Cisne's direct appeal rights were reinstated, and a direct appeal was filed. Counsel improperly filed a *Turner/Finley* no merit letter along with a motion to withdraw as counsel. On September 15, 2015, this Court filed a *per curiam* order noting the matter was a direct appeal *nunc pro tunc* and instructing counsel to file either an advocate's brief or an *Anders* brief. Counsel subsequently filed two (2) deficient *Anders* briefs before being relieved, *sua sponte*, of his responsibilities to Cisne. Subsequent counsel also filed an *Anders* brief along with a motion to withdraw as counsel. This brief was addressed by our Court. *See Commonwealth v. Cisne*, 159 A.3d 580 (Pa. Super. 2016)(unpublished memorandum). Our Court agreed with counsel that no meritorious issues existed regarding the entry of the guilty plea. There was no evidence of record to suggest, much less demonstrate, that the plea was invalid. However, that panel noted the record was inconclusive regarding whether Cisne had been subjected to an unconstitutional mandatory minimum sentence. Accordingly, the judgment of sentence for third degree murder was vacated and the matter was remanded for an evidentiary hearing. *See Id.*

Upon remand, the trial court determined Cisne had not been subjected to an unconstitutional mandatory minimum sentence and reimposed the prior sentence. Cisne now appeals.

Counsel has filed an *Anders* brief, explaining there are no meritorious issues.[3] Our review leads us to agree.

We begin by noting,

The standard of review when an *Anders/McClendon* brief has been presented is as follows:

> To be permitted to withdraw pursuant to *Anders,* counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. *Commonwealth v. Boyd*, 763 A.2d 421, 423 (Pa. Super. 2000). If these requirements are met, the Court may then evaluate the record to determine whether the appeal is frivolous. *Id.*

Pursuant to the recent amendments of Rule 1925, if counsel intends to submit an *Anders/McClendon* brief, the proper procedure is provided in Pa.R.A.P. 1925(c)(4):

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an *Anders/McClendon* brief in lieu of filing a Statement. If, upon review of the *Anders/McClendon* brief, the appellate court believes that there are arguably

---

[3] The matter was initially remanded because counsel had failed to provide documentation that he had informed Cisne of his rights under *Anders*. Counsel has provided the proper documentation, and we may substantively address this appeal.

- 4 -

meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to 1925(a) or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Rule 1925 provides two options which were available to Appellant's counsel at the time the trial court directed him to file a concise statement. Appellant's counsel could have complied with the order and filed a concise statement under Pa.R.A.P. 1925(b), or alternatively, could have filed a statement of intent to file an **Anders/McClendon** brief. **See Commonwealth v. Goodwin**, 928 A.2d 287, 293 (Pa. Super. 2007) (*en banc*) (finding that under the newly promulgated Rule 1925, the concise statement filed by appellant's attorney indicating that 'there were no non-frivolous matters that can be raised on appeal', would be accepted by the Court as a statement of intent to file an **Anders/McClendon** brief). These options are detailed in the Note to Pa.R.A.P. 1925(c)(4):

> Even lawyers seeking to withdraw pursuant to the procedures set forth in **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981) *are obligated to comply with all rules, including the filing of a Statement. See Commonwealth v. Myers*, 897 A.2d 493, 494-496 (Pa. Super. 2006); **Commonwealth v. Ladamus**, 896 A.2d 592, 594 (Pa. Super. 2006). However, because a lawyer will not file an **Anders/McClendon** brief without concluding that there are no non-frivolous issues to raise on appeal, this amendment allows a lawyer to file, in lieu of a Statement, a representation that no errors have been raised because the lawyer is (or intends to be) seeking to withdraw under **Anders/McClendon**. At that point, the appellate court will reverse or remand for a supplemental Statement and/or opinion if it finds potentially non-frivolous issues during its constitutionally required review of the record.

Pa.R.A.P. 1925 at Note (2007) (emphasis added).

**Commonwealth v. McBride**, 957 A.2d 752, 756-57 (Pa. Super. 2016).

Here, counsel has complied with the technical requirements of **Anders/McClendon**. Accordingly, we proceed. Counsel has filed a Pa.R.A.P. 1925(b) statement in which the sole issue raised is a claim that his plea was involuntary due to the ineffective assistance of trial counsel. Specifically,

> [Cisne] is claiming that the Negotiated Plea was coerced because his counsel failed to investigate witnesses, was unprepared, and thus forced [Cisne] to plead guilty when he was actually innocent. Further, because of this coercion, the sentence imposed as a "Negotiated Guilty Plea" was unreasonable.

Pa.R.A.P. 1925(b) Statement, 5/3/2017, at 1-2.

As noted, the prior decision of our Court in 2016, **see Cisne**, **supra** at 159 A.3d 580 has already determined there are no meritorious issues regarding the voluntariness of the plea in the direct appeal. To the extent that Cisne's claims are based upon claims of ineffective assistance of counsel, a defendant cannot challenge trial counsel's ineffectiveness on direct appeal, but must raise such claims in a timely PCRA petition. **See Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002). **See also Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013) ) addressing the limited circumstances, none of which are present instantly, in which ineffective assistance of counsel claims may be addressed on direct appeal).[4]

---

[4] Cisne has filed a response to counsel's **Anders** brief. However, this response details allegations of ineffective assistance of counsel. As noted, such claims are properly raised in a timely PCRA petition, not on direct appeal.

There are only three avenues of appeal following a negotiated guilty plea, jurisdiction (which has never been in question), voluntariness of the plea (which has been previously addressed) and legality of sentence.[5] Cisne argues his sentence is unreasonable, not illegal. Such a claim challenges the discretionary aspects of a sentence, not the legality of the sentence. Moreover, we note that the hearing on remand, immediately prior to this appeal, determined Cisne had not been subjected to an unconstitutional mandatory minimum sentence and so the sentence was not illegal. Accordingly, there is no meritorious issue to be found regarding sentencing.

Because the certified record amply demonstrates there are no meritorious issues to be found on direct appeal, we affirm the judgment of sentence. Additionally, we grant counsel's motion to withdraw from representation.

Judgment of sentence affirmed. Motion to withdraw granted.

Judge Lazarus joins this memorandum.

President Judge Gantman concurs in the result.

---

[5] **Commonwealth v. Heaster**, 171 A.3d 268, 271 (Pa. Super. 2017) (upon the entry of a negotiated guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/19